UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :
GINA GLAZER                               :   CASE NO. 1:08-CV-1624
                                          :
       Plaintiff,                         :
                                          :
vs.                                       :   ORDER & OPINION
                                          :   [Resolving Doc. No. 6]
WHIRLPOOL CORPORATION                     :
                                          :
       Defendant.                         :
                                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Whirlpool Corporation ("Whirlpool") moves this Court to transfer venue to the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1404(a). [Doc. 6.] Plaintiff Gina Glazer has not opposed this motion, but indicated she would do so, with a motion for extension of time to respond until 20 days following a ruling on the Plaintiff's own motion to remand the case to state court. [Doc. 11.] For the following reasons, the Court **DENIES** the Defendant's motion to transfer the case to the Northern District of Illinois.

I. Background

Plaintiff Gina Glazer filed a putative class action complaint against Defendant Whirlpool, alleging that all Whirlpool Duet Sport washing machines contain a common defect. [Doc. 1, Ex. A.] The Plaintiff seeks a certified class of all Ohio residents who acquired a new Whirlpool Duet Sport Front-Loading washer after June 2, 2004, that was manufactured, distributed, or sold by Whirlpool. [*Id.* at 3.] Plaintiff Glazer is an Ohio resident, who purchased and used her Whirlpool Duet Sport washer in Ohio. Defendant Whirlpool Corporation, a Delaware corporation, is headquartered in southwestern Michigan.

Case No. 1:08-CV-1624
Gwin, J.

The Defendant moves to transfer venue to the Northern District of Illinois based on an earlier-filed lawsuit that seeks a nationwide class action and that is pending in that district. The Defendant claims the Illinois action is substantially similar and overlapping. *See Gardner v. Whirlpool Corp.*, Case No. 08-CV-3555. Also pending in the Northern District of Illinois is a class action against Sears Holdings Corporation ("Sears"), involving nearly identical front-loading washers manufactured by Whirlpool but then resold by Sears under a different name. *See Bettua v. Sears Holdings Corp.*, Case No. 08-CV-01832. The Defendant claims these actions have overlapping classes, allege the same design defects, assert overlapping legal theories, and request overlapping relief as this case. [Doc. 6 at 7.] Further, the Defendant asserts that nearly all of Whirlpool's potential witnesses and evidence are located outside Ohio, the majority at or near Whirlpool's headquarters in southwest Michigan. Finally, the Defendant claims that it did not make any major design, manufacturing, marketing, or warranting decisions regarding the Duet washers in Ohio. [*Id.* at 5.]

Since filing the instant motion for transfer of venue, Defendant Whirlpool filed a motion to transfer the case before the Judicial Panel on Multidistrict Litigation ("MDL"), pursuant to 28 U.S.C. § 1407. In that motion, the Defendant seeks transfer of all related actions to a single judge in the Northern District of Illinois, for the consolidation of pre-trial proceedings. The MDL Panel will consider the motion at its next hearing session, scheduled for November.

II. Legal Standard

28 U.S.C. § 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When ruling on a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court considers "the private interests of the parties, including their convenience

-2-

Case No. 1:08-CV-1624
Gwin, J.

and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). But, "[I]f venue is proper, a plaintiff's choice of forum is given substantial weight," unless convenience and the interests of justice "strongly favor transfer." 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 3801*.

### III. Analysis

In this case, the Defendant's motion relies almost exclusively on convenience. Whirlpool itself is not located in the Northern District of Illinois, and none of the witnesses or evidence pertinent specifically to this case reside in that district. The Defendant merely desires the case to be transferred to the Northern District of Illinois because there are other similar cases currently pending there. Virtually no other facts argue in favor of transferring venue to Illinois.

The Court accords significant weight to a plaintiff's choice of forum when considering a motion to transfer. The Plaintiff chose to file this case in the Northern District of Ohio. Plaintiff Glazer is a resident of this district and any evidence or witnesses she produces would likely be located in, or have some connection to Ohio. Operative facts giving rise to Plaintiff's complaint occurred in Ohio, including her purchase and use of the washing machine. Although the design and manufacture of the machine did not occur in Ohio, nor did it occur in Illinois. The Defendant explains that such activities occurred in Michigan and in Monterrey, Mexico. [Doc. 6 at 5.] Moreover, the Plaintiff seeks class certification limited to Ohio residents. The Plaintiff has a right to pursue this action in this Court, rather than the Northern District of Illinois.

With regard to the convenience of potential witnesses, the Court reiterates that no witnesses

Case No. 1:08-CV-1624
Gwin, J.

have been identified in the Northern District of Illinois. The Plaintiff, and any other members of the class, are located in Ohio. Witnesses for the Defendant can be found in southern Michigan, where the Whirlpool headquarters are located. Similarly, much of the evidence is available in southern Michigan, at the Defendant's headquarters, and so is just as accessible from the Northern District of Ohio as Illinois. As such, neither the convenience of potential witnesses nor the location of evidence weighs in favor of transferring the case to Illinois. Convenience and the interests of justice do not "strongly favor" transfer, weighed against the Plaintiff's choice of forum.

Although the Court finds insufficient reason to grant the Defendant's motion for a transfer of venue, the Court does acknowledge the Defendant's application to the Judicial Panel on Multidistrict Lititgation. If granted, that application would centralize discovery and obviate many of Defendant's concern.

IV. Conclusion

For the foregoing reasons, this Court **DENIES** the Defendant's motion to transfer venue. [Doc. 6.]

IT IS SO ORDERED.

Dated: October 1, 2008         s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE