UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
GINA GLAZER                        :   CASE NO. 1:08-CV-1624
                                                :
       Plaintiff,              :
                                                :
vs.                                          :   ORDER & OPINION
                                                :   [Resolving Doc. 28]
WHIRLPOOL CORPORATION  :
                                                :
       Defendant.          :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Defendant Whirlpool Corporation ("Whirlpool") moves this Court to stay proceedings in this case pending a ruling on the motion before the Judicial Panel on Multidistrict Litigation ("MDL Panel") for transfer of related actions to the Northern District of Illinois pursuant to 28 U.S.C. § 1407. [Doc. 28.] Plaintiff Gina Glazer opposes this motion. [Doc. 30.] For the following reasons, the Court **GRANTS** the Defendant's motion to stay the proceedings.

I. Background

      Plaintiff Gina Glazer filed a putative class action complaint in state court against Defendant Whirlpool, alleging that all Whirlpool Duet Sport washing machines contain a common defect. [Doc. 1, Ex. A.] The Plaintiff seeks a certified class of all Ohio residents who acquired a new Whirlpool Duet Sport Front-Loading washer after June 2, 2004, that was manufactured, distributed, or sold by Whirlpool. [*Id.* at 3.] The Defendant removed the case to this Court. [Doc. 1.]

      On July 14, 2008, Defendant Whirlpool moved to transfer venue in this case to the Northern District of Illinois, based on the fact that allegedly similar, overlapping cases were already pending

-1-

Case No. 1:08-CV-1624
Gwin, J.

in that district.[1] [Doc. 6-2 at 6.] Defendant Whirlpool explains in the instant motion that two more such cases are pending in the Northern District of Illinois, as well as two in the District of New Jersey, and one in the Southern District of New York.[2] This Court denied the motion to transfer venue. [Doc. 37.] In the meantime, on September 10, 2008, the Court held a Case Management Conference and set dates for the pre-trial proceedings in this case. Then, on September 22, 2008, the Defendant filed a motion before the MDL Panel for a transfer of all related actions to the Northern District of Illinois, pursuant to 28 U.S.C. § 1407. [Doc. 25-2.]

Now, in the instant motion, the Defendant seeks to stay proceedings in this court pending resolution of that transfer motion before the MDL Panel. Defendant Whirlpool argues, "Absent a stay, Whirlpool would be subject to discovery and motions practice in this action that are likely to duplicate the discovery and motions practice conducted in the MDL proceeding, and may face conflicting pretrial rulings, particularly with respect to class certification issues." [Doc. 28 at 2-3.] The Plaintiff responds generally that the Court should exercise its discretion to deny a stay because the Defendant has failed to establish good cause for the stay. Plaintiff Glazer argues that the discovery efforts will be necessary eventually regardless which court decides class certification, and thus the efforts will not be "wasted or wasteful." [Doc. 30 at 6.]

## II. Legal Standard

Generally, "the power to stay proceedings is incidental to the power inherent in every court

---

[1] These cases are *Gardner v. Whirlpool Corp.*, Case No. 08-CV-3555 (N.D.Ill.), and *Bettua v. Sears Holdings Corp.*, Case No. 08-CV-01832 (N.D.Ill.).

[2] These cases are *Munch v. Sear*, Case No. 06-CV-7023 (N.D.Ill.), *Seratt v. Sears*, Case No. 07-CV-0412 (N.D.Ill.),*Beierschmitt v. Whirlpool*, Case No. 08-CV-03177-JBS-JS (D.N.J.), *Sandholm-Pound v. Whirlpool*, Case No. 08-CV-04098-JBS-JS (D.N.J.), and *Seeherman v. Whirlpool*, 08-CV-7289 (S.D.N.Y.), respectively.

Case No. 1:08-CV-1624
Gwin, J.

to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). According to the Rules of Procedure of the Judicial Panel on Multidistrict Litigation:

> The pendency of a motion . . . before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

R.P.J.P.M.L. 1.5. Thus, a district court need not stay proceedings while a motion for transfer is pending before the MDL Panel, but the district court certainly has discretion to grant a stay in the interests of judicial economy. When considering such a stay, the district court balances the following factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

III. Analysis

In this case, a stay of proceedings pending the MDL Panel's decision on the motion to transfer will not significantly prejudice the Plaintiff. The action has not progressed beyond the early stages of litigation, and discovery has only just begun. The Court finds the Plaintiff's analogy to *Falk v. General Motors Corp.*, 2007 WL 3101649 (N.D. Cal. Oct. 22, 2007), unpersuasive because in that case discovery had progressed further, with depositions already scheduled. *Id*. at *3. Here, the Court does not believe that discovery "is too far advanced to bring everything to a halt." *See id*. at *4. In the event that the MDL Panel denies the motion to transfer the cases for pre-trial proceedings, this Court will amend the case management dates accordingly to account for the delay incurred. Thus,

Case No. 1:08-CV-1624
Gwin, J.

the Plaintiff will not be prejudiced by the stay. A decision to deny the stay would prejudice the Defendant, however, because Whirlpool would be required to engage in extensive overlapping discovery simultaneously in different fora.

Moreover, judicial economy supports staying the proceedings before this Court. The Plaintiff argues that the parties will eventually need to conduct the same discovery regardless whether the case is transferred, and therefore such efforts will not be wasted. [Doc. 30 at 5-6.] Even if that is true, however, the possibility of duplicative judicial effort counsels against proceeding. Beyond efficiency, the risk of inconsistent pre-trial rulings if this Court proceeds while the MDL Panel considers transfer of the case further argues in favor of the stay. If the MDL Panel declines to transfer the case, pre-trial proceedings in this Court will recommence and no parties will have been prejudiced, nor any time and effort wasted, in the interim.

### IV. Conclusion

For the foregoing reasons, this Court **GRANTS** the Defendant's motion to stay the proceedings in this case, pending a ruling on the motion to transfer before the MDL Panel. [Doc. 28.]

IT IS SO ORDERED.

Dated: October 6, 2008              s/      *James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE